UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOAN HARRIS,<br><br>             Plaintiff,<br><br>    v.<br><br>ADOBE INC., et al.,<br><br>             Defendants. | Case No.   5:25-cv-03884-EJD<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 31 |

Plaintiff Joan Harris brings this action against Defendants Grant Hamlen and Adobe, Inc. ("Adobe") for sex and age discrimination under federal, California, and New Jersey law. Compl., ECF No. 2. Before the Court is Defendants' motion to dismiss under Rules 12(b)(2) and 12(b)(6). Mot., ECF No. 31. Plaintiff filed an Opposition, and Defendants filed a Reply. Opp., ECF No. 36; Reply, ECF No. 37. Having reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons explained below, the Court grants the motion to dismiss all claims against Defendant Hamlen under Rule 12(b)(2) and grants in part the motion to dismiss the claims under Rule 12(b)(6).

## I.     BACKGROUND

### A.     Parties

Plaintiff Joan Harris is a woman over the age of 40. Compl. ¶ 10. She worked in enterprise sales for Adobe from 2018 to 2023. *Id.* ¶¶ 24, 3. Ms. Harris worked remotely from her home in New Jersey. *Id.* ¶ 10.

Case No.: 5:25-cv-03884-EJD
ORDER GRANTING IN PART MOTION TO DISMISS
1

Defendant Adobe is incorporated in Delaware and has its principal place of business in San Jose, California. *Id.* ¶ 11. Defendant Hamlen was Plaintiff's supervisor at Adobe. *Id*. ¶ 12. He worked remotely from his home in Atlanta, Georgia. *Id*.

### B.     Factual Background

Plaintiff alleges that Defendants Hamlen and Adobe discriminated against her on the basis of age and sex. *Id.* ¶ 3. When she complained, she was terminated. *Id.* She divides her time at Adobe into two periods.

During the first period, from 2018 to 2022, Plaintiff alleges that she "thrived" at Adobe and received "consistently positive" feedback and Adobe stock in recognition of her performance. *Id.* ¶¶ 27, 31. Though her team failed to meet its revenue goals, Plaintiff claims that her manager during this earlier period attributed the shortfall "to deficiencies among Plaintiff's team members, not Plaintiff's managerial performance." *Id.* ¶ 30.

During the second period, from 2022 to 2023, things changed. Defendant Hamlen, a young man, replaced Plaintiff's previous supervisor. *Id.* ¶ 33. Plaintiff alleges that Defendant Hamlen made "gender-coded" remarks to her, including that she was "too soft" and "not tough enough." *Id*. ¶ 35. She also alleges that other, unnamed employees subjected her to "various slights," including failing to recognize her along with other senior managers at a sales team meeting in Utah. *Id.* ¶ 40. Following a decrease in sales that Plaintiff attributes to her team being understaffed, Defendant Hamlen allegedly placed Plaintiff on a performance plan that evaluated her as if her team were fully staffed. *Id.* ¶¶ 36–37. Plaintiff then complained to Adobe's Employee Relations Counsel. *Id.* ¶ 43. By the summer of 2023, Plaintiff alleges she had rehired for her team and put it on an "ascending trajectory." *Id.* ¶ 49. Nevertheless, Plaintiff was fired and replaced with "a considerably younger male with neither enterprise sales nor management experience." *Id.* ¶ 54.

Case No.: 5:25-cv-03884-EJD
ORDER GRANTING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

Plaintiff brings claims for age and sex discrimination under California's Fair Employment and Housing Act ("FEHA"), New Jersey's Law Against Discrimination ("NJLAD"), the Age Discrimination in Employment Act ("ADEA"), and Title VII to the Civil Rights Act of 1964 ("Title VII"), as well as a claim for intentional infliction of emotional distress (IIED).

## II.    LEGAL STANDARD

### A.    Motion to Dismiss for Lack of Personal Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(2), defendants may move to dismiss for lack of personal jurisdiction.  While the plaintiff bears the burden of showing that the court has personal jurisdiction over the defendant, the court "resolves all disputed facts in favor of the plaintiff." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citation modified). The court may consider evidence presented in affidavits and declarations in determining personal jurisdiction. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).  But when a court acts on a 12(b)(2) motion without holding an evidentiary hearing, a plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  "The plaintiff cannot simply rest on the bare allegations of its complaint, but uncontroverted allegations in the complaint must be taken as true." *Mavrix Photo, Inc. v. Brand Techs., Inc*., 647 F.3d 1218, 1223 (9th Cir. 2011) (citation modified).  "The Court may not assume the truth of allegations that are contradicted by affidavit." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 27 F. Supp. 3d 1002, 1008 (N.D. Cal. 2014).

In a diversity action, a court may exercise personal jurisdiction over a non-resident defendant if jurisdiction is proper under California's long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996).  Since California's long-arm statute authorizes the Court to exercise personal jurisdiction over a non-resident defendant on any basis not inconsistent with the

California or federal Constitution, the statutory and constitutional inquiry merge into a single due process test. *See* Cal. Code Civ. Proc. § 410.10.

Due process requires that a non-resident defendant have "certain minimum contacts" with the relevant forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *In re Cathode*, 27 F. Supp. 3d at 1008 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). If a defendant has sufficient contacts with the forum, personal jurisdiction may be either general or specific. *See id*. California is the relevant forum for this case's minimum contacts analysis.

**B.    Motion to Dismiss for Failure to State a Claim**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted. When deciding whether to grant a motion to dismiss, the court must accept all "well-pleaded factual allegations" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). While a plaintiff need not offer detailed factual allegations to meet this standard, she is required to offer "sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must also construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am*., 768 F.3d 938, 945 (9th Cir. 2014). The court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

If the court concludes that a 12(b)(6) motion should be granted, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

Case No.: 5:25-cv-03884-EJD
ORDER GRANTING IN PART MOTION TO DISMISS
4

### III.   MOTION TO DISMISS

#### A.   All Claims as to Defendant Hamlen

Defendant Hamlen moves to dismiss all claims against him for lack of personal jurisdiction. Mot. at 5–9. Plaintiff opposes, contending that Defendant Hamlen is subject to specific jurisdiction in California. Opp. at 9–11.

Personal jurisdiction can be general or specific. General jurisdiction allows a court to exercise jurisdiction over a defendant who is domiciled in the forum state or whose contacts with the forum state are so continuous and systematic as to render them essentially at home. *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1106 (9th Cir. 2020). Here, Defendant Hamlen lives in Atlanta, Georgia. Compl. ¶ 12. He does not own or rent property, pay taxes, maintain a bank account, or vote in California. Declaration of Grant Hamlen ("Hamlen Decl."), ECF No. 31-1¶ 3. Thus, he is not domiciled in California. Further, Defendant Hamlen travels to California no more than twice per year for no more than two days at a time. Hamlen Decl. ¶ 6. This minimal travel is not sufficient to render him essentially at home in California. The Court does not have general jurisdiction over Defendant Hamlen.

Specific jurisdiction allows a court to exercise jurisdiction over claims connected to a defendant's activities in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For there to be specific jurisdiction, the plaintiff must show that (1) the defendant purposefully availed himself of the forum, (2) the claims arise out of forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

With respect to the first element, Plaintiff contends that Defendant Hamlen purposefully availed himself of "Adobe's California infrastructure for employment decisions" and that this

Case No.: 5:25-cv-03884-EJD
ORDER GRANTING IN PART MOTION TO DISMISS
5

caused "foreseeable harm" in California. Opp. at 10. But to meet this element, Plaintiff must plead either (1) purposeful availment or (2) purposeful direction. Typically, purposeful availment is "action taking place in the forum that invokes the benefits and protections of the laws in the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006). Plaintiff does not allege that Defendant Hamlen invoked the benefits of California law, so there is no purposeful availment. Rather, Plaintiff seems to be alleging purposeful direction—that Defendant Hamlen aimed his action at California and it had an effect there. But the fact that an action has a "possible foreseeable effect" in the forum state is not enough here—there must be "something more." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006) (citing *Schwarzenegger*, 374 F.3d at 807). Defendant Hamlen never worked in California, nor did he meet Plaintiff in the state. Hamlen Decl. ¶ 7. Defendant Hamlen communicated his feedback to Plaintiff when she was living in New Jersey, and an unnamed Adobe presenter failed to recognize Plaintiff at a sales team meeting in Utah. Compl. ¶ 40, Hamlen Decl. ¶¶ 7–8. These facts do not indicate that Defendant Hamlen "expressly aimed" his conduct at the state of California. *Pebble Beach*, 453 F.3d at 1156.

Because Plaintiff's arguments clearly fail to meet the first prong, the Court need not address whether the claims arose out of or resulted from Defendant Hamlen's forum-related activities or whether an exercise of jurisdiction is reasonable. Plaintiff's claims against Defendant Hamlen are DISMISSED. Because additional facts could cure this defect, dismissal is with leave to amend. *Lopez*, 203 F.3d at 1127.

### B.    FEHA Claims for Age and Sex Discrimination

Because the Court has dismissed all claims against Defendant Hamlen for lack of personal jurisdiction, it only considers the 12(b)(6) arguments as to Defendant Adobe.

Plaintiff alleges that Defendants violated California's FEHA by discriminating against her on the basis of age and sex. Compl. ¶¶ 64–71. Adobe contends that the Court should dismiss

Case No.: 5:25-cv-03884-EJD
ORDER GRANTING IN PART MOTION TO DISMISS

these claims under Rule 12(b)(6) because Plaintiff has failed to adequately plead grounds for the extraterritorial application of California law.  Mot. at 9–12.

"The text of the FEHA does not provide for its extraterritorial application, nor does its 'purpose, subject matter or history' suggest that the legislature intended it to apply to extraterritorial transactions." *Anderson v. CRST Int'l, Inc.*, 685 F. App'x 524, 526 (9th Cir. 2017) (citing *N. Alaska Salmon Co. v. Pillsbury*, 174 Cal. 1, 4 (1916)).  The mere fact that a company is headquartered in California does not overcome the presumption that the FEHA does not apply to conduct outside of California.  *Tetrault v. Cap. Grp. Cos. Glob.*, 2024 WL 3468903, at *6 (C.D. Cal. Jan. 17, 2024) (finding the fact that the defendant was a California-based company not dispositive to the Court's extraterritorial analysis).  Rather, Plaintiff would need to show that both (1) the place of employment and (2) the material elements of the cause of action support extraterritorial application.  *Hill v. Workday, Inc.*, 773 F. Supp. 3d 779, 793 (N.D. Cal. 2025).

In analyzing the place of employment, courts consider the employee's "principal place of work" or "definite base of operations," or the "location where the employee's work holds a substantial connection to." *Id*.  Here, Plaintiff lived and worked in New Jersey.  Compl. ¶ 10.  And the Complaint does not describe Plaintiff's work as being connected to any particular location.  As a result, Plaintiff has not adequately pled that her place of employment supports the extraterritorial application of the FEHA.

In analyzing whether the material elements of the cause of action took place in California, courts look to whether the core of the claim, such as a termination decision, occurred within California. *English v. Gen. Dynamics Mission Sys., Inc.*, 808 F. App'x 529, 530 (9th Cir. 2020).  Here, Plaintiff alleges that her supervisor, who was based in Georgia, fired Plaintiff, who was living in New Jersey.  Compl. ¶ 54.  The Opposition further claims that "discriminatory decisions were ratified and executed through California operations."  Opp. at 11.  But Plaintiff does not

Case No.: 5:25-cv-03884-EJD
ORDER GRANTING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

allege specific facts indicating that the termination decision—the core of this claim—was made in California.

Plaintiff has failed to plead that the place of employment and the material elements of the cause of action support extraterritorial application of the FEHA.  Consequently, the FEHA claims are DISMISSED with leave to amend.  *Lopez*, 203 F.3d at 1127.

### C.    NJLAD, ADEA, and Title VII Claims for Age and Sex Discrimination

Plaintiff also alleges violations of the NJLAD, ADEA, and Title VII.  The NJLAD and ADEA prohibit age-based discrimination and Title VII prohibits sex-based discrimination.  N.J. Stat. Ann. § 10:5–12(a); 29 U.S.C. § 623(a); 42 U.S.C. § 2000e-2(a).  Defendants move to dismiss the NJLAD, ADEA, and Title VII claims for failure to make a prima facie case for discrimination, Mot. at 12–15, and the Title VII retaliation claim for failure to plead a causal link between the protected activity and the adverse employment action, Mot. at 15–16.  The Court takes the two arguments in turn.

### 1.    Prima Facie Case for Discrimination under the NJLAD, ADEA, and Title VII

To establish a prima facie case of age discrimination under the NJLAD, a plaintiff must prove that (1) she was in a protected group; (2) she was performing her job at a level that met her employer's legitimate expectations; (3) she was nevertheless fired; and (4) the employer sought someone to perform the same work after she left.  *Zive v. Stanley Roberts, Inc.*, 182 N.J. 436, 450 (2005).  The elements of ADEA and Title VII claims are similar.  *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049 (9th Cir. 2012) (elements of liability for ADEA); *Valentine v. Gen. Nutrition Centers, Inc.*, No. CV 09-6106-SVW-JCX, 2010 WL 11596537, at *2 (C.D. Cal. Apr. 16, 2010) (citing *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981) (elements of liability for Title VII).

Case No.: 5:25-cv-03884-EJD
ORDER GRANTING IN PART MOTION TO DISMISS

United States District Court
Northern District of California

United States District Court
Northern District of California

Defendants only dispute the second element: that Plaintiff was performing her job satisfactorily.  Mot. at 14–15.  Plaintiff pleads that her performance was satisfactory and that she received "uniformly positive performance evaluations from 2018 through 2022."  Compl. ¶¶ 18, 25.  But by Plaintiff's own admission, her team missed performance targets both before and after Defendant Hamlen became her manager.  *Id.* ¶¶5, 28.  Defendants see a contradiction: Plaintiff cannot have missed performance targets and performed her job satisfactorily.  Mot. at 14–15.  Defendants compare this case to one where a plaintiff alleged that her work had met expectations but admitted that her performance evaluations were poor.  *Benton-Flores v. Santa Barbara Unified Sch. Dist.*, No. 2:19-CV-06424-JFW-SP, 2021 WL 6752214, at *10 (C.D. Cal. Sept. 23, 2021), *report and recommendation adopted*, *Benton-Flores v. Santa Barbara Unified Sch. Dist.*, No. 2:19-CV-06424-JFW-SP, 2021 WL 6751910 (C.D. Cal. Dec. 6, 2021).  In that case, the court found that the plaintiff's poor evaluations and numerous performance shortcomings belied her conclusory allegation that her work had met expectations.  *Id.*  Here, the situation is different.  Plaintiff supports her allegation of satisfactory job performance with the fact that she received "uniformly positive performance evaluations from 2018 through 2022."  Compl. ¶ 25.  And though her team missed performance targets, Plaintiff's manager from 2018 to 2022 attributed the shortfall to understaffing on Plaintiff's team, not to Plaintiff herself.  *Id*. ¶ 30.  This is sufficient to plead that Plaintiff was performing her job satisfactorily.

### 2. Title VII Retaliation Claim[1]

Plaintiff alleges that she complained to Adobe about Defendant Hamlen's discrimination against her and that Adobe terminated her as a result.  *Id.* ¶ 3.  Defendants contend that Plaintiff

---

[1] The Complaint pleads facts indicating retaliatory termination, Compl. ¶¶ 2–4, 19(d), 29, 34, but the section listing causes of action does not allege a retaliation theory.  Defendants presumed that Plaintiff brings her retaliatory termination claim under Title VII and the accompanying state statutes, Mot. at 15 n.7, and the Court does as well.

Case No.: 5:25-cv-03884-EJD
ORDER GRANTING IN PART MOTION TO DISMISS

has failed to plead a causal link between her complaint and her firing.  Mot. at 15–16.

To state a prima facie case of Title VII retaliation, a plaintiff must allege that: "(1) she engaged in an activity protected under Title VII; (2) her employer subjected her to adverse employment action; and (3) there was a causal link between the protected activity and the employer's action."  *Kama v. Mayorkas*, 107 F.4th 1054, 1059 (9th Cir. 2024) (citation modified).  A court can infer a causal link between the protected activity and the employer's action from "circumstantial evidence such as the employer's knowledge of the protected activities and the proximity in time between the protected activity and the adverse action."  *Dawson v. Entek Int'l*, 630 F.3d 928, 936 (9th Cir. 2011).  The knowledge and the adverse activity must be "very close" in time—courts have found even a three-month gap to be too long to establish a prima facie case of causation.  *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).

Here, Plaintiff alleges she lodged a complaint with Adobe's Employee Relations Counsel.  Compl. ¶ 43.  But she does not state when she did so nor that Defendant Hamlen knew that she had filed the complaint.  As a result, the Court cannot determine whether and when Defendant Hamlen learned that she lodged the complaint and whether he plausibly fired her because of it.[2]  Consequently, the Court finds Plaintiff has failed to state a claim for retaliatory termination under Title VII.  This claim is DISMISSED.  Because additional facts could cure the deficiency, dismissal is with leave to amend.  *Lopez*, 203 F.3d at 1127.

**D.    IIED**

Plaintiff alleges that "Defendants' discriminatory conduct was extreme and outrageous, exceeding the bounds of decency tolerated in a civilized society."  Compl. ¶ 81.  Defendants move

---

[2] Though Defendant Hamlen has been dismissed for lack of personal jurisdiction, *supra* Part III.A., under the principles of agency law, his knowledge could be imputed to Defendant Adobe.  *See* Cal. Civ. Code § 2332; *Granberg v. Turnham*, 166 Cal.App.2d 390, 395 (1958).

Case No.: 5:25-cv-03884-EJD
ORDER GRANTING IN PART MOTION TO DISMISS
10

United States District Court
Northern District of California

to dismiss, arguing that Plaintiff's pleading is conclusory and threadbare.  Mot. at 16–17.

Under New Jersey Law, a claim for IIED requires the plaintiff to plead that the conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Pellecchia v. Princeton Univ. Bd. of Trs.*, No. CV 23-21828-GC-JBD, 2024 WL 3580813, at *4 (D.N.J. July 30, 2024).  "Mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" do not incur liability.  *Liu v. Robert Wood Johnson Univ. Hosp. Inc.*, No. CV-24-8713-MAS-TJB, 2025 WL 1793787, at *8 (D.N.J. June 30, 2025) (quoting *Taylor v. Metzger*, 706 A.2d 685, 694 (N.J. 1998)).  Here, Plaintiff pleads that Defendant Hamlen made "gender-coded" remarks and that an unnamed Adobe employee failed to acknowledge Plaintiff at a meeting.  Compl. ¶¶ 35, 40.  Plaintiff may have found this behavior insulting or demeaning, but it does not rise to the requisite level of extreme and outrageous conduct required to state a claim for IIED.  Consequently, Plaintiff's claim for IIED is DISMISSED.  Because additional facts could cure this deficiency, Plaintiff may amend this claim.  *Lopez*, 203 F.3d at 1127.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART Defendants' motion to dismiss as follows:

1. All claims against Defendant Hamlen are DISMISSED under Rule 12(b)(2).

2. The FEHA claims (Counts Three and Four) are DISMISSED under Rule 12(b)(6).

3. The Title VII Retaliation claim (Count Two) is DISMISSED under Rule 12(b)(6).

4. The IIED claim (Count Seven) is DISMISSED under Rule 12(b)(6).

All dismissals are with LEAVE TO AMEND.  All other claims may proceed.  If Plaintiff intends to amend her complaint, she shall do so within **twenty-one (21) days of this order**.

Case No.: 5:25-cv-03884-EJD
ORDER GRANTING IN PART MOTION TO DISMISS
11

**IT IS SO ORDERED.**

Dated: May 13, 2026

EDWARD J. DAVILA
United States District Judge